*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

CAMELOT ENTERTAINMENT LLC,

        Plaintiff-Appellant,

v

DTE ELECTRIC COMPANY,[1]

        Defendant-Appellee

and

FCA US LLC,

        Defendant.

UNPUBLISHED
March 19, 2025
9:45 AM

No. 368782
Wayne Circuit Court
LC No. 21-006452-CB

Before: YOUNG, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

Plaintiff alleged that defendant, DTE Electric Company,[1] had encroached upon plaintiff's property. The trial court denied plaintiff's motion for summary disposition. We affirm.

Defendant's property borders plaintiff's property to the east, where defendant operated a power plant before it was demolished in 2019. Defendant also owns a roadway, Lycaste Street, which runs along the eastern border of plaintiff's property.

In 1968, an earlier owner of plaintiff's property granted defendant permission "to use a certain portion of [plaintiff's] premises" to install and maintain a chain-link fence "along the west boundary line of the existing roadway belonging to [DTE]." Later, a developer acquired the property and, in 2006, granted to defendant a permanent underground easement. The home currently on plaintiff's property was constructed in 2009, and plaintiff acquired its property in 2020.

---

[1] Defendant FCA US LLC was previously dismissed from the case and is not a party to this appeal.

Plaintiff's manager, John Brown, had the property surveyed in 2021. Brown found that the properties to the north of plaintiff's property had a chain-link fence along their eastern property lines, while Lycaste Street extended about 15 feet into plaintiff's property, and a retaining wall, steel plated wall, and a utility pole were immediately to the west of the expanded roadway. In other words, compared with neighboring properties, Lycaste Street extended farther on the plaintiff's property, and there were more extensive pieces of equipment and barriers than just a chain-link fence.

Plaintiff sued defendant in May 2021, requesting that the trial court order defendant to remove the encroachments from its property. Plaintiff later filed an amended complaint, alleging trespass and requesting that the trial court determine interests in the land. Plaintiff asserted that the encroachments had existed for fewer than 15 years. In response, defendant raised various affirmative defenses, including acquiescence and easement.

Plaintiff moved for summary disposition under MCR 2.116(C)(10), arguing that defendant's widened roadway, walls, and utility pole encroached onto plaintiff's property. Plaintiff argued that defendant created the encroachments after 2006, when the condominiums began to be constructed or when the developer granted defendant the utility easement. Plaintiff alleged that the utility pole was newer than the other poles in the area that had been placed after the 2006 easement and that it was likely placed when defendant worked on the adjacent bridge in 2014 and widened the road. Plaintiff argued that defendant could not unilaterally expand any right it had to maintain a fence under the 1968 agreement, and, even if defendant could demonstrate that it held an easement for more than 15 years, plaintiff was still entitled to summary disposition because the purpose of the walls and road was related to defendant's power plant, which had been demolished. Further, plaintiff argued that "it may be reasonably inferred that [the encroachments] occurred within 15 years of" plaintiff filing its lawsuit. Plaintiff relied, in part, on a 2021 e-mail from an employee of defendant, who noted that a steel plate had been constructed on the fence to block glare from vehicle headlights, which would only have been a relevant consideration after the condominiums were built.

Plaintiff supported its motion with deposition testimony from Adolfo Castillo, a principal surveyor for defendant. Comparing the 2004 and 2021 surveys, Castillo denied that Lycaste Street appeared wider in 2021 as compared with 2004, although he admitted that the asphalt might have been wider. There were several measurements on the 2004 survey that Castillo noted did not identify what they were measuring. Castillo did not know who added new asphalt or who erected the walls. Castillo disagreed with plaintiff's contention that the walls and pole were encroaching on his property because defendant had an easement. John Erb, manager of corporate real estate with defendant, testified in his deposition that he did not know if Lycaste Street had been widened by plaintiff's property or if the rest of the street was narrow. Erb also testified that the green steel wall had been in place before he began to work for defendant in 1994.

In response, defendant argued that there was an easement for the utility pole and a question of fact about who placed the steel plate on the fence. Moreover, the developer had received a survey in 2004 showing that defendant's fence encroached the property, and plaintiff's objection was being made more than 16 years later, while "[t]he time for acquiring property by adverse possession is 15 years." Defendant had permission to install the fence in 1968, and the right to cancel that permission expired in 1998, so defendant had maintained the fence without permission

for more than 24 years. Additionally, Lycaste Street had been excluded from the condominium's title insurance. Defendant argued that plaintiff had only "offered speculation and supposition." Defendant also moved for summary disposition on the basis that plaintiff lacked standing to sue and that the demolition of the power plant did not destroy its easement rights.

The trial court denied plaintiff's motion, finding that it was indisputable that the utility pole was erected under the 2006 easement and that neither party had established "when, why or by who, the wall was erected" or the street widened. The trial court denied defendant's motion as to standing, but granted summary disposition in part, concluding that the easement had not been terminated.

Several months after the motions had been filed, defendant produced a 2001 aerial photograph showing that Lycaste Street was widened, by that time, along plaintiff's property. The trial court subsequently ruled that the photograph established defendant was entitled to summary disposition "based upon its defense of adverse possession and/or acquiescence." Plaintiff now appeals.

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St. Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020). "When deciding a motion for summary disposition under MCR 2.116(C)(10), we consider the evidence submitted in a light most favorable to the nonmoving party." *Payne v Payne*, 338 Mich App 265, 274; 979 NW2d 706 (2023). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*. (cleaned up). The moving party may satisfy its burden for summary disposition "by submitting affirmative evidence that negates an essential element of the nonmoving party's claim or by demonstrating to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016) (cleaned up).

To recover for trespass, a plaintiff must show that the defendant committed "an unauthorized direct or immediate intrusion of a physical, tangible object onto land over which the plaintiff has a right of exclusive possession." *Wolfenbarger v Wright*, 336 Mich App 1, 15; 969 NW2d 518 (2021) (cleaned up). A party claiming acquiescence must demonstrate "that the property owners treated a boundary line or marker as the property line for 15 years." *Houston v Mint Group, LLC*, 335 Mich App 545, 568; 968 NW2d 9 (2021).

On appeal, plaintiff does not squarely confront the trial court's conclusion that the 2001 aerial photograph confirms that Lycaste Street had already been widened by that time, fatally undercutting plaintiff's position. Instead, plaintiff argues that the trial court erred because, at the time that the trial court decided plaintiff's motion for summary disposition, there was no genuine question of material fact on the then-existing record about whether defendant had trespassed on plaintiff's property. Plaintiff's position is without merit.

The evidence at the time of plaintiff's motion did not conclusively show if or when Lycaste Street had been expanded or the walls had been constructed. Nor did the evidence conclusively show that defendant had moved the utility pole beyond the scope of the easement. The 2004 survey showed that an encroachment existed, and Castillo noted that some measurements on the survey

were unclear. Even if the road was widened or the walls constructed after 2004, there was no definitive evidence about when (e.g., 2005? 2007?). Further, Castillo testified that the road did not appear wider in the 2021 survey than the 2004 survey, although there may have been more asphalt. With regard to the green steel wall, Erb testified that it had been in place by the time that he began to work for defendant in 1994. Thus, there was a question of fact on the record as it existed when the trial court ruled on the parties' first round of dispositive motions.

Plaintiff points to the 2021 e-mail that indicated that the green steel wall was intended to stop the glare of headlights. This e-mail did not, however, specify who built the wall or when, or if the wall was inconsistent with any preexisting easement. Although plaintiff argued that the glare would only be a problem once the housing units were built, which did not begin until 2006, defendant argued that the housing developer would have been more likely to install the wall due to the glare of lights. Either way, the e-mail did not conclusively show a lack of genuine issue of material fact.

Plaintiff also argues on appeal that the trial court erred by placing the burden of proof about acquiescence on plaintiff, rather than on defendant. Defendant argues that plaintiff maintained in the trial court that there was no genuine question of material fact that the encroachments did not pre-date 2006, but now argues on appeal that the trial court should have determined whether defendant could demonstrate adverse possession. Plaintiff alleged in the lower court, including in its amended complaint and motion for summary disposition, that the encroachments had been created fewer than 15 years before plaintiff's lawsuit. Regardless, the evidence in the lower court at the time of plaintiff's motion was conflicting about when the encroachments occurred and whether there was legal justification for them. Accordingly, the trial court did not err by denying plaintiff's motion for summary disposition.

As already noted, plaintiff does not take issue with the trial court's subsequent determination that summary disposition was appropriate in defendant's favor based on the later-produced 2001 aerial photograph, and therefore we do not consider the matter further.

Affirmed.

/s/ Adrienne N. Young
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle